IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRAVIS BLANK, § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:13cv519 | |
| § | | |
| COLLIN COUNTY, et al., § | | |
| *Defendants* § | | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Travis Blank, proceeding *pro se*, filed this civil action alleging deprivations of his rights under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed.2d 619 (1971). The named defendants are Collin County, Collin County Sheriff Terry Box, Collin County Jail Administrator Randy Clark, Correctional Healthcare Management (CHM), CHM Health Administrator Victor Hutchinson, CHM Primary Care Physician John Ferrell, and CHM Charge Nurse Shawna King.

**I. BACKGROUND**

Plaintiff states that he has Crohn's disease,[1] which requires certain medications and routine examinations by specialists. Labs and X-rays are needed to effectively monitor the disease, prevent

---

[1] Crohn's disease is defined as "a subacute chronic enteritis, of unknown cause, involving the terminal ileum and less frequently other parts of the gastrointestinal tract; characterized by patchy deep ulcers that may cause fistulas, and narrowing and thickening of the bowl by fibrosis and lymphocytic infiltration . . . symptoms include fever, diarrhea, cramping, abdominal pain, and weight loss." *Stedman's Medical Dictionary* (27th ed. 2000) (available on Westlaw).

flare-ups, and control them should they arise. He claims that he also suffers from anemia, hemorrhoids, kidney disease, and a neck injury.

On June 30, 2009, Plaintiff was taken into custody by the United States Marshals. He spent one night in the Collin County Jail and was then placed in the Rockwall County Jail, remaining there for the next eight months. On August 2, 2009, Plaintiff appeared before United States Magistrate Judge Don Bush, informing him of his medical condition. Judge Bush issued an order directing that Plaintiff's Crohn's disease be thoroughly addressed and properly treated while in custody.

Plaintiff saw the jail doctor twice over the next three weeks. However, he claims the doctor did not treat him properly. In November, 2009, Plaintiff was taken to a local hospital, where he was told that he was dehydrated, had anemia, an elevated pulse, and inflamed bowels.

Plaintiff was next sent to a prison facility in Fort Worth in January, 2010, and was returned to Rockwall the next month – on February 19. Plaintiff told jail personnel that he needed emergency medical care on February 23, 2010, and saw the jail doctor that day. According to Plaintiff, the doctor ordered bloodwork, but did not otherwise examine him. After the results of the bloodwork were received, Plaintiff was taken to the hospital on March 2. He alleges that the hospital doctors ordered that he see a specialist within a week, but this did not happen.

On March 10, 2010, Plaintiff returned to court, and advised the judge of his deteriorating health. He asked that he be taken to a gastrointestinal specialist and that neck surgery be performed. Plaintiff says that both of these requests were granted. The order of the court, issued March 11, 2010, directed that Plaintiff should be taken to see Dr. Roger Camp in Plano for examination and evaluation, and that Plaintiff was directed to contact the court once he scheduled neck surgery with Dr. John Tompkins in Plano. *(United States v. Blank*, Crim. No. 4:09cr113, docket no. 37).

Three days later, Plaintiff was once again taken to the hospital where, according to Plaintiff, the doctor ordered that he see a specialist. On March 22, Plaintiff saw a gastrointestinal specialist who allegedly stated Plaintiff should be hospitalized. On April 5, 2010, Plaintiff was admitted into the hospital, and remained there until April 13. The day after he left the hospital, the court released

him from custody to house arrest so that he could obtain private medical care. *(Blank*, 4:09cr113, docket no. 41).

On June 22, 2011, Plaintiff was taken back into custody and placed in the Collin County Jail. He claims jail officials denied him all medications that he brought with him, and denied his upcoming appointments along with his "entire treatment plan." Over the course of the next month, Plaintiff missed several doctors' appointments, scheduled labs, and iron infusions.

Plaintiff contends that Defendants violated his rights under the Eighth and Fourteenth Amendments. He asks for damages (nominal, compensatory, and punitive) and court costs.

In motions to dismiss, Defendants contend that Plaintiff has failed to plead a plausible claim to support his allegations of inadequate medical care, and that such pleadings would fail to defeat their qualified immunity defenses. Additionally Defendant Shawna King raises the issue that process and service was insufficient in her case pursuant to Fed. R. Civ. P. Rule 12(b)4 and Rule 12(b)5.

## II. STANDARD

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (quoting Bell Atl. Corp. v Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Rule 8 does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint suffice if it provides naked assertions that are devoid of further factual enhancement. *Id*. Thus, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1975. A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949.

## III. ANALYSIS AND DISCUSSION

***Failure to Exhaust Administrative Remedies***

The Prison Litigation Reform Act provides that prisoners are required to exhaust their Administrative remedies before filing suit. "[N]o action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The grievance must give the correctional authorities "fair notice" of the problem being complained of, such that these authorities have a fair opportunity to address the problem that will later form the basis of the lawsuit. *Johnson v. Johnson*, 385 F.3d 503, 516-17 (5th Cir. 2004). The Supreme Court stated that correctional authorities will not have a "fair opportunity" to consider the grievance unless the grievant complies with the procedural rules – meaning that "proper" exhaustion, within the procedural rules laid out by the grievance system, is required. *Woodford v. Ngo*, 548 U.S. 81, 94, 126 S. Ct. 2378, 2388, 165 L. Ed.2d 368 (2006); *Johnson v. Ford*, 261 F.App'x 752 (5th Cir. 2008).

Plaintiff has filed another § 1983 case in this court. There, he was suing a United States Marshal based on the same set of circumstances – his confinement in Collin County and his alleged insufficient medical care. In that case, it was determined that Plaintiff failed to exhaust his administrative remedies as it concerns his allegations against Collin County. Specifically, the court noted:

> Both the Rockwall County and the Collin County jail policies and procedures handbooks make clear that the jails have two-step grievance procedures. In each of these jails, when an inmate files a grievance, a grievance board or a supervisor considers it. The inmate can then appeal an unfavorable decision to the Sheriff. The Fifth Circuit stated that, where a correctional facility has a two-step grievance procedure, both steps must be completed for the grievance to be considered exhausted. *Johnson*, 385 F.3d at 515, *citing Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). In this case, the summary judgment evidence shows that Plaintiff did not appeal any grievances concerning his medical treatment to the Sheriff of Rockwall or Collin County.

*Blank v. Robinson*, Cause No. 4:13cv14, docket entry #32, at 9. "Exhaustion of Plaintiff's administrative remedies could have placed the Sheriff and top jail officials on notice of problems existing with his medical care through formal grievance channels." *Id*. at 11. This court concluded that Plaintiff did not appeal any of his grievances regarding medical care to the second step in the grievance procedure in Collin County; thus, his claim was barred because of his failure to exhaust administrative remedies.

A court may take judicial notice of its own records or those of inferior courts. *See ITT Rayonier Inc., v. United States*, 651 F.2d 343, 345 n.2 (5th Cir. 1981). In the present case, the court is taking judicial notice of its own records from *Blank*, Cause No. 4:13cv14, and concluding, likewise, that Plaintiff's failure to exhaust his administrative remedies as it concerns his confinement in Collin County bars him from relief. Additionally, Defendants' claims that Plaintiff failed to plead a plausible claim to support his allegations of inadequate medical care, and that such pleadings would not defeat qualified immunity, are meritorious. Defendant Shawna King's claim that process and service was insufficient in her case is also meritorious.

Because Plaintiff failed to exhaust his administrative remedies, and for the additional reasons raised in Defendants' motions to dismiss, it is

**ORDERED** that Plaintiff's case is **DISMISSED** with prejudice. It is

**ORDERED** that Defendants' motions to dismiss (docket entries #32, 44, 49) are **GRANTED**. Motions by any party not previously ruled upon are **DENIED**.

**SIGNED this the 30th day of March, 2015.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE